IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MELISSA L. BURNETT,

        Plaintiff,

    v.

BANK OF AMERICA HOME LOAN
SERVICING, L.P., *et al.*,

        Defendants.

Case No. 16-cv-01257-JPG-RJD

## **MEMORANDUM AND ORDER**

    In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court notes that there are no jurisdictional pleading within the complaint. As such, the Court cannot determine whether this action is properly filed with this Court – especially in light of the numerous state court allegations.

    Also, Plaintiff has filed a motion (Doc. 2) to proceed in district court without prepaying fees or costs. A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).

An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that she is indigent. However, a Rule 60(d) motion must be defined narrowly and must be, "fraud that ordinarily couldn't be discovered, despite diligent inquiry, within a year, and in some cases within many years – cases in which there are no grounds for suspicion and the fraud comes to light serendipitously." The allegations appear to indicate that the plaintiff was aware of the misrepresentations as early as 2005 and that the issues were litigated in either the state proceedings or plaintiff's bankruptcy proceedings. Further, the complaint does not indicate why the issues were not addressed on appeal or allege any reason for the extended delay in filing this complaint that would indicate the fraud came to light "serendipitously."

The Court hereby **ORDERS** plaintiff **Melissa L. Burnett** to **SHOW CAUSE** on or before **December 28, 2016** why this case should not be dismissed for lack of jurisdiction and/or failure to state a claim. The Court **<u>WARNS</u>** that failure to respond to this order may result in the dismissal of this case for lack of jurisdiction**.** Amendment of the faulty pleading will satisfy this order. Plaintiff **Melissa L. Burnett** is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

The Court is **DEFERRING** ruling on plaintiff's IFP motion (Doc. 2) until the jurisdictional issue is resolved.

**IT IS SO ORDERED.**

**DATED:** 11/22/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT
DISTRICT JUDGE**