IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA L. BURNETT, | |
| Plaintiff, | |
| v. | Case No. 16-cv-01257-JPG-RJD |
| BANK OF AMERICA HOME LOAN SERVICING, L.P., *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion (Doc. 2) for Leave to proceed *in forma pauperis* and Motion (Doc. 3) for Service of Process at Government Expense.

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).

An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that she is indigent. However, a Rule 60(d) motion must be defined narrowly and must be, "fraud that ordinarily couldn't be discovered, despite diligent inquiry, within a year, and in some cases within many years – cases in which there are no grounds for suspicion and the fraud comes to light serendipitously." In re Golf 255, 652 F.3d 806 (7th Cir. 2011).

Pursuant to this Court's Order to Show Cause (Doc. 12), the plaintiff has filed a second amended complaint (Doc. 16). The allegations within plaintiff's second amended complaint still appear to indicate that she was aware of the misrepresentations as early as 2005. Although plaintiff states that the alleged fraud "came to light serendipitously," the amended pleadings indicate that she contacted several individuals pertaining to the alleged fraud from 2005 through 2011. (Doc. 16, ¶¶ 11, 22, 23, 24(N)(O) & (P), 25, and 31). Further, plaintiff states that this matter should not be dismissed due to "plaintiff's very recent discovery of the cause of action elements associated with fraud upon the court statement of claim." The "recent" discovery of a cause of action does not extend the limitation period for filing. It is clear that there were grounds for the suspicion of the alleged fraud by plaintiff's own pleadings and there are no factual allegations that support plaintiff's contention that the "fraud upon the court came to light serendipitously."

Finally, a motion under Rule 60 is a motion for relief from a judgment or order in which this Court has jurisdiction. In this matter, the plaintiff has not identified a judgment entered by this Court where the Court would have jurisdiction.

Therefore, the Court finds that the plaintiff's second amended complaint fails to state a claim upon which this Court can grant relief. Plaintiff's Motion (Doc. 2) for Leave to proceed *in forma pauperis* and Motion (Doc. 3) for Service of Process at Government Expense are DENIED

and this matter is DISMISSED without prejudice.  The Clerk of Court is **DIRECTED** to close this matter.

**IT IS SO ORDERED.**

**DATED:**  2/3/2017

                *s/J. Phil Gilbert*
                **J. PHIL GILBERT**
                **U.S. DISTRICT JUDGE**